UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

v.

TIMOTHY D. YOUNG,

Defendant.

Case No. 6:89-cr-60012-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Before this Court is Timothy D. Young ("Defendant")'s Article III Motion to Resolve an Original and Ongoing Constitutional Violation, filed pro se.[1] Def.'s Mot., ECF No. 126. Defendant asks this Court to "vacate the sentence in [his] case and remand" for resentencing. *Id.* ¶ 89. Defendant's motion does not specify the nature of his legal claim. The Government responded to Defendant's motion as both a Motion to Vacate or Reduce Sentence, under 28 U.S.C. § 2255, and a Motion for Compassionate Release, under 18 U.S.C. § 3582. Gov't's Resp., ECF No. 134. Defendant's later-appointed counsel argues that Defendant's motion seeks "broad relief" that "defies strict categorization," though counsel clarified that Defendant "does not seek compassionate release." Def.'s Reply at 1-2, ECF No. 146. For the reasons discussed below, Defendant's motion is denied.

[1] After filing his motion pro se, Defendant requested appointment of counsel. Def.'s Mot. to Appoint Counsel, ECF No. 132. The Court granted Defendant's request and appointed counsel. Order, ECF No. 133. Given the Court's appointment of counsel, the Court struck Defendant's later pro se filings (ECF Nos. 141-43) and does not consider the filings in resolving this motion.

## BACKGROUND

In 1990, Defendant was sentenced in the District of Oregon following his conviction of three counts of bank robbery and three counts of using a firearm during the commission of bank robbery. Gov't's Resp. at 2, ECF No. 134; *United States v. Young*, No. 90-30051, 1991 U.S. App. LEXIS 30907 (9th Cir. Nov. 1, 1991) (unpublished). The Ninth Circuit affirmed Defendant's convictions and sentence in 1991. *United States v. Young*, 947 F.2d 952 (9th Cir. 1991) (unpublished table decision). He is currently sixty-eight years old and incarcerated at USP Florence in Colorado, with an expected release date of October 8, 2041.[2] *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Nov. 2, 2026). Over the course of his incarceration, Defendant has filed numerous civil suits in federal courts across the country. *See, e.g.*, *Young v. U.S. Dep't of Justice*, No. 21-10226-LTS, 2021 U.S. Dist. LEXIS 58003, at *2 (D. Mass. Mar. 25, 2021) (collecting cases discussing Defendant's litigation history). He has initiated three civil cases in this District since the start of the year. *See In Re Timothy Doyle Young*, No. 6:26-cv-00640-AB; *Young v. United States*, No. 3:26-cv-01721-AN; *Young v. United States*, No. 3:26-cv-02244-AN.

Defendant's motion before the Court argues that his sentence "was at the day of imposition and continues to be in violation of the Bill of Rights in all 50 states, the U.S. Constitution, [i]nternational law, and [h]uman [r]ights." Def.'s Mot. ¶ 4, ECF No. 126. He alleges a series of constitutional violations committed by the Judicial Branch, the Legislative Branch, and the Executive Branch. *Id.* ¶¶ 6-50. Much of Defendant's motion speaks of alleged

---

[2] Defendant's release date accounts for his additional criminal conviction in 2011 of assault of a federal officer or employee with a deadly weapon. *See United States v. Young*, 489 Fed. Appx. 250 (10th Cir. 2012) (unpublished).

broad-scale violations rather than individualized injuries.[3] However, Defendant also makes several specific allegations. He alleges that prison staff have limited his access to postage stamps, withheld his access to health care, and "create[ed] dangerous conditions" at the prison. *Id.* ¶¶ 79-80, 84. He also alleges that the Government has "suspend[ed] Habeas Corpus since 2011" and limited his ability to bring civil cases under the "imminent danger exemption" outlined in 28 U.S.C. § 1915(g).[4] *Id.* ¶¶ 81-83. Defendant now asks the Court to vacate his sentence and resentence him to "an alternative punishment that is legal, [c]onstitutional, and [h]umane." *Id.* ¶ 89.

## STANDARDS

"A federal prisoner may collaterally attack the legality of his conviction or sentence through a motion to vacate, set aside, or correct his sentence under [28 U.S.C.] § 2255." *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). Under § 2255, a federal prisoner in

---

[3] For example, Defendant states that the Legislative Branch "has deliberately impeded a BOP inmate's access to the Courts by requiring exhaustion from an unauthorized grievance and also giving the BOP tacit approval for misconduct…" Def.'s Mot. ¶ 10, ECF No. 126. He alleges that the Executive Branch "has created a grievance program without authority and is deliberately maintaining ineffective Rules and Regulations…" *Id.* ¶ 26. He asserts that "[e]very Petition for Review that has been submitted by an ADX inmate over the last two decades has been withheld from the Judicial Conference Committee…" *Id.* ¶ 46.

[4] Section 1915(g) outlines that

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). The Ninth Circuit discussed Defendant's prior filings in an unpublished opinion. *See Young v. Barr*, 787 Fed. Appx. 952, 953 (9th Cir. 2019) (unpublished) (noting that Defendant "filed at least three prior actions in federal court that were dismissed for being frivolous or malicious, or for failing to state a claim, and failed to sufficiently allege that he was 'under imminent danger of serious physical injury' at the time that he lodged the complaint" (citation omitted)).

custody under sentence may move the court that imposed the sentence to adjust the sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C § 2255(a). An evidentiary hearing is required, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" *Id.* § 2255(b). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). A prisoner seeking relief under § 2255 must file that motion within a one-year period of limitation. 28 U.S.C § 2255(f).

Alternatively, a federal prisoner may request the district court of sentencing to reduce his sentence based on "extraordinary and compelling reasons" presented. 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; [. . . ]
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons to reduce the sentence. The categories of extraordinary and compelling reasons to be considered individually and in the aggregate include the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other

circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5).

A defendant seeking a reduction of their sentence bears the burden to establish that they have exhausted administrative remedies and that extraordinary and compelling reasons warrant a reduction of their sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022) (explaining that it is the defendant's "burden to establish his eligibility for compassionate release").

**DISCUSSION**

## I. Section 2255 Motion

The Government urges the Court to construe Defendant's motion as a motion to vacate sentence under 28 U.S.C. § 2255. Generally, "[t]he obligation to construe pro se filings liberally means courts must frequently look to the contents of a pro se filing rather than its form." *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020). However, a court may not recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. As the Ninth Circuit explained in *United States v. Seesing*:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive U.S.C. § 2255 motion within the one-year statutory period.

234 F.3d 456, 464 (9th Cir. 2000); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (limiting when courts can recharacterize a pro se litigant's motion as a first § 2255 motion).

In his pro se motion, Defendant does not state that he intended to bring his motion under § 2255. However, the Court appointed counsel for Defendant to assist him with his reply. Order, ECF No. 133. Defendant's reply acknowledges the Government's construction of Defendant's motion as a motion under § 2255, and it does not explicitly contend that § 2255 is improper. Def.'s Reply at 3, ECF No. 146. As Defendant has counsel to explain the consequences of recategorizing his motion as a motion under § 2255 before Defendant replied, the Court determines that the limitations imposed by *Seesing* and *Castro* do not apply.

Defendant's motion seeks vacatur of his sentence and resentencing, contending that his sentence has violated the Constitution, federal law, and international law since the Court imposed it. Def.'s Mot. ¶¶ 87, 89, ECF No. 126. This request falls squarely within the scope of 28 U.S.C. § 2255, which allows defendants to request sentence adjustments on the basis of constitutional and statutory violations. Recategorizing Defendant's motion as a motion under § 2255 is appropriate.

Section 2255 requires defendants to bring claims for relief within one year from the latest of (1) the date on which judgment of conviction became final, (2) the date on which impediment to making the motion created by unconstitutional governmental action is removed, (3) the date on which a retroactively applicable right was initially recognized by the Supreme Court, or (4) the date on which facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f). Though Defendant contends that his sentence has been illegal since its imposition, Defendant did not bring this motion until over thirty years after his sentence was affirmed. He has not identified any newly recognized rights, new facts, or impediments that

would otherwise render his motion timely.[5] Recharacterized as a § 2255 motion, Defendant's motion is untimely and denied.

## II. Section 3582(c) Motion

Alternatively, the Government contends that Defendant's motion can be construed as a motion under 18 U.S.C. § 3582(c). Defendant's motion discussed serious medical concerns, including delay in medical treatment, withheld prescription refills, and cirrhosis. Def.'s Mot. ¶¶ 75-76, 80, ECF No. 126; Def.'s Mot. Ex. 4 at 6, ECF No. 126-1. However, in reply to the Government, Defendant's counsel indicates that Defendant "does not seek compassionate release." Def.'s Reply at 2, ECF No. 146. In any event, this Court does not have evidence to establish that Defendant exhausted his administrative remedies as statutorily mandated. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring defendants to "fully exhaust[] all administrative rights" before bringing a motion for compassionate release); Def.'s Reply at 6, ECF No. 146 ("[I]t is unknown whether prerequisites for relief has been satisfied."). To the extent that Defendant's motion requests compassionate release, the motion is denied.

## III. Civil Claims

Defendant argues that his motion should be construed liberally as a request for access to postage stamps. Def.'s Reply at 3-4, ECF No. 146. He asks this Court to "vindicate his constitutional rights by ordering that the BOP restore his access to postage for legal mailings with the court and counsel." *Id.* at 4. However, Defendant provides no legal basis for the Court to address this request. Defendant filed his motion with his sentencing court, primarily seeking a

[5] As discussed below, Defendant alleges that prison staff currently withhold his postage stamps. Def.'s Mot. ¶ 79. However, to the extent that this alleged action could constitute an impediment to making a § 2255 motion, Defendant has not identified whether this practice interfered with his ability to bring this motion within the one-year statutory period.

change in his prison sentence. Months later, Defendant clarified that he sought relief against the Bureau of Prisons as well. In this context the Court cannot issue orders against the Bureau of Prisons, an entity that is not a party to this matter. To the extent that Defendant alleges a constitutional violation committed by prison staff and seeks injunctive relief, Defendant must instead file a civil complaint in the appropriate jurisdiction and name the appropriate parties.

**CONCLUSION**

For the reasons discussed above, Defendant's Article III Motion to Resolve an Original and Ongoing Constitutional Violation, recharacterized as a Motion to Vacate or Correct Sentence and a Motion for Compassionate Release (ECF No. 126), is DENIED.

DATED this 4th day of November 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge